UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| CELLULAR SPECIALTIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| FRANK PERGAL, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT FOR JUDGMENT,
DECLARATORY JUDGMENT AND DAMAGES**

NOW COMES the plaintiff, Cellular Specialties, Inc. ("CSI"), by and through its attorneys, Devine, Millimet and Branch, Professional Association and complains against the defendant, Frank Pergal ("Mr. Pergal"), as follows:

**INTRODUCTION**

1.  CSI brings this lawsuit for declaratory relief and related causes of action arising out of Mr. Pergal's unauthorized use of CSI's confidential information concerning the design features of a wireless repeater to file for and ultimately procure a patent from the United States Patent and Trademark Office. More particularly, in 2003, Mr. Pergal, as President of CSE, Inc., entered into a business relationship with CSI pursuant to which the parties signed a Mutual Nondisclosure Agreement that, among other things, prohibited either party from disclosing confidential information without authorization. Mr. Pergal and CSI severed their business relationship in June 2004. A month later, Mr. Pergal filed a patent application relating to wireless repeater systems that was based on CSI's products and designs, as well as the

confidential information that Mr. Pergal acquired during his business relationship with CSI.

2. CSI seeks a declaration that CSI is a co-owner of United States Patent No. 7,623,826 (the "'826 Patent"). Alternatively, CSI seeks a declaration that it has not infringed the '826 Patent or that the '826 Patent is invalid and otherwise unenforceable. CSI also seeks to recover its damages for Mr. Pergal's unauthorized use of CSI's confidential information and breach of the Mutual Nondisclosure Agreement in violation of his contractual, statutory and common law duties to CSI.

## THE PARTIES

3. CSI is a corporation organized and existing under the laws of the State of New Hampshire and having a principal place of business at 670 N. Commercial Street, Manchester, New Hampshire, within this judicial district.

4. Upon information and belief, Pergal has his home address at 14 Norrock Road, Gloucester, Massachusetts.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1338, in that it arises under federal patent law, pursuant to 15 U.S.C. § 1121, in that it arises under the Lanham Act, and pursuant to 28 U.S.C. § 1332(a), in that the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. In addition, this Court has supplemental jurisdiction over CSI's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) and (a)(3), in that a substantial part of the events or omissions giving rise to CSI's claims at issue occurred in the District of New Hampshire, and Mr. Pergal is subject to personal jurisdiction in that District.

## ALLEGATIONS COMMON TO ALL COUNTS

7. CSI markets indoor wireless products to its customers that are designed to extend indoor wireless connectivity. CSI's products include wireless repeaters and various other products that incorporate wireless repeaters (collectively "CSI's Products"). Wireless repeaters are computer networking devices that are used to extend the range of indoor wireless connectivity. CSI's Products comply with all of the rules and regulations of the Federal Communications Commission, and CSI is the only turnkey solution provider that is approved by all of the major U.S. wireless providers.

8. CSI's products have been used to extend indoor wireless networks throughout the United States, Europe, Canada and Mexico. More information about CSI is available on CSI's website, www.cellularspecialties.com.

9. Given the highly competitive and specialized nature of the indoor wireless industry, CSI's success depends, in large part, on developing, maintaining and protecting its ideas, plans and strategies concerning the development, design and distribution of its products and how best to serve its customers. CSI considers this information confidential and takes considerable steps to protect this information from being disclosed to third parties.

10. In or around July 2003, CSI entered into a business relationship with CSE, Inc. Mr. Pergal was President of CSE, Inc. and was engaged by CSI to act as a consultant and to assist CSI in designing a wireless repeater.

11. On July 9, 2003, CSI and Mr. Pergal, on behalf of CSE, Inc., signed a Mutual Nondisclosure Agreement (the "Agreement"), which outlined the parties' rights and obligations

with respect to the disclosure of confidential information. To that end, the Agreement provided in relevant part that:

> **Non-Disclosure of Confidential Information:** The Receiving Party agrees not to use any Confidential Information disclosed to it by the Disclosing Party for Receiving Party's own use or for any purpose except to carry out discussions concerning the Relationship. The Receiving Party will not disclose any Confidential Information of the Disclosing Party to third parties or to employees of the Receiving Party, except employees who are required to have the information in order to carry of the discussions regarding the Relationship.
>
> . . . .
>
> The Receiving Party agrees that it will take all reasonable measures to protect the secrecy of and avoid disclosure of or use of Confidential Information of the Disclosing Party in order to prevent it from falling into the public domain or the possession of persons other than those persons authorized under this Agreement to have any such information.
>
> . . . .
>
> *This Agreement does not permit either party to disclose INFORMATION to any of that party's affiliates or to any other third party.*

[Emphasis in the original]. Mr. Pergal signed the Agreement as President of CSE, Inc.

12. Mr. Pergal began working with CSI on January 26, 2004. Over the next five months, Mr. Pergal worked closely with CSI and exchanged information and ideas on the best mode for the design of a wireless repeater.

13. On June 3, 2004, CSI and Mr. Pergal ended their business relationship. A month later, on July 22, 2004, in violation of the nondisclosure provisions of the Agreement, Mr. Pergal used the confidential information he acquired from CSI to file a provisional patent application for a wireless repeater system. Thereafter, Mr. Pergal filed U.S. Patent Application No. 11/187,520, "Wireless Repeater with Arbitrary Programmable Selectivity" on July 22, 2005. It claimed priority to the provisional patent application and named Mr. Pergal as the sole inventor. Contrary to this representation to the United States Patent and Trademark Office, however, Mr.

4

Pergal incorporated CSI's confidential information into this patent application, without CSI's knowledge and without its express or implied consent.

14. U.S. Patent Application No. 11/187,520 was allowed and became United States Patent No. 7,623,826 (the "'826 Patent") on November 24, 2009, and is the patent at issue in this litigation. A copy of the '826 Patent is attached hereto as Exhibit A and incorporated herein by reference.

## COUNT I

### (Declaratory Judgment - Co-Ownership Of The '826 Patent)

15. CSI realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

16. An actual, present and justiciable case or controversy exists as to whether CSI is the legal co-owner of the '826 Patent.

17. Between January 26, 2004 and June 3, 2004, Mr. Pergal worked with CSI as a consultant. During their business relationship, CSI shared certain confidential information concerning the design of wireless repeaters with Mr. Pergal. Mr. Pergal later incorporated this information into U.S. Patent Application 11/187,520, which was allowed and became the '826 Patent, without CSI's express or implied consent.

18. Upon learning about the '826 Patent, CSI contacted Mr. Pergal and, based on the foregoing circumstances, requested that Mr. Pergal name CSI as a co-inventor of the '826 Patent. Mr. Pergal, however, has refused CSI's request.

19. Each of the employees of CSI who worked with Mr. Pergal and who shared information with him that was incorporated in U.S. Patent Application 11/187,520 is a co-

5

inventor of the '826 Patent.  Each of said employees has assigned to CSI all his rights in any invention.  CSI, therefore, is entitled to a declaration that CSI is a co-owner of the '826 Patent.

## COUNT II
### (Declaratory Judgment - Non-Infringement Of The '826 Patent)

20. CSI realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

21. Since the '826 Patent issued on November 24, 2009, Mr. Pergal has claimed that CSI's Products infringe the '826 Patent.

22. An actual, present and justiciable controversy exists as to whether CSI has infringed the '826 Patent.

23. CSI, therefore, seeks a declaratory judgment that it or any of its agents, licensees, customers, suppliers, vendees, or any others acting on its behalf, has not infringed any valid claim of the '826 Patent.

## COUNT III
### (Declaratory Judgment - Invalidity Of The '826 Patent)

24. CSI realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

25. An actual, present and justiciable controversy exists as to whether the '826 Patent is valid.

26. The '826 Patent is invalid for failure to comply with the requirements of the Patent Laws of the United States, Title 35 United States Code, including, *inter alia* §§102 & 103.

27. By way of example and not limitation, the '826 Patent is invalid as obvious under 35 U.S.C. §103(a) over Yarkosky et al., U.S. Patent No. 7,299,005 in view of the Analog Device AD 3849 Data Sheet.

28. On information and belief, the failure to name as co-inventors of the '826 Patent each of the employees of CSI whose ideas were incorporated in U.S. Patent Application 11/187,520 was done with deceptive intent.

29. By way of example and not limitation, the '826 Patent is invalid under 35 U.S.C. §116 for failing correctly to name all the co-inventors.

30. CSI, therefore, seeks a declaratory judgment that the '826 Patent is invalid.

## COUNT IV
### (Declaratory Judgment Of Unenforceability Of The '826 Patent)

31. CSI realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

32. An actual, present and justiciable controversy exists as to whether the '826 Patent is enforceable.

33. Mr. Pergal misrepresented or omitted material information in prosecuting the '826 Patent and, on information and belief, did so with the intent to deceive the United States Patent and Trademark Office.

34. CSI, therefore, seeks a declaratory judgment that the '826 Patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office.

## COUNT V
### (Breach of Contract)

35. CSI realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

36. Mr. Pergal signed a Mutual Non-Disclosure Agreement on July 9, 2003, as President of CSE, Inc., and as a condition to forming a business relationship with CSI. The

Agreement imposed a duty on Mr. Pergal not to disclose the confidential information he acquired while working with CSI to design wireless repeater systems.

37.     Mr. Pergal has breached the Agreement by, among other things, using and incorporating the confidential information that Mr. Pergal gained while acting as a consultant to CSI, and by disclosing certain confidential information belonging to CSI in the course of prosecuting the '826 Patent.

38.     CSI is entitled to recover its incidental and consequential damages for these breaches of contract, as well as continuing interest, costs, and its attorneys' fees, all in an amount to be proven at trial.

## COUNT VI
### (Conversion)

39.     CSI realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

40.     Mr. Pergal's unauthorized use of CSI's confidential information to prosecute the '826 Patent constitutes a conversion of CSI's property.

41.     CSI is entitled to recover damages for Mr. Pergal's conversion of its property including consequential damages, incidental damages, and all other damages available at law.

## COUNT VII
### (Breach of a Confidential Relationship)

42.     CSI realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

43.     The information disclosed to Mr. Pergal while acting as a consultant to CSI was in confidence and was intended to be used only for the benefit of CSI, and not for the benefit of Mr. Pergal.

44. By using CSI's confidential information for its own benefit, including without limitation using such information to prosecute the '826 Patent without CSI's prior express or implied consent, Mr. Pergal has breached the confidential relationship that it had with CSI. As a result, CSI is entitled to its actual damages and to such enhanced damages as the Court may find proper.

## COUNT VIII
### (Violation of Section 43(a) of the Lanham Act - False Designation of Origin)

45. CSI realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

46. The foregoing acts and conduct by Mr. Pergal constitute false designation of origin and passing off in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. As a result, CSI is entitled to damages, including compensatory damages, treble damages and attorneys' fees and costs, as well as all other remedies available to it under the Lanham Act.

## COUNT IX
### (Violation of the New Hampshire Consumer Protection Act - RSA 358-A)

48. CSI realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

49. Mr. Pergal has violated the New Hampshire Consumer Protection Act by, among other things, using CSI's confidential and proprietary information without CSI's knowledge or consent to prosecute the '826 Patent.

50. As a result, pursuant to RSA 358-A, CSI is entitled to damages in an amount not less than two and not greater than three times its actual damages, as well as an award of costs and attorneys' fees incurred.

## **JURY DEMAND**

51.     CSI requests a jury trial on all claims so triable.

**WHEREFORE,** CSI prays that this Court grant the following relief:

A.     A declaratory judgment that CSI is a co-owner of the '826 Patent; or

B.     A declaratory judgment that the '826 Patent is not infringed by any act of CSI or its agents, licensees, customers, suppliers, vendees, or any others acting on its behalf;

C.     A declaratory judgment that the '826 Patent is invalid;

D.     A declaratory judgment that the '826 Patent is unenforceable;

E.     An award of damages to CSI for Mr. Pergal's unauthorized use of CSI's confidential information and breach of duties of non-disclosure owed CSI in an amount to be proven at trial;

F.     An award to CSI for its costs in this action, together with reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

I.     Granting CSI other relief as is just and equitable.

Respectfully submitted,

CELLULAR SPECIALTIES, INC.

By its attorneys,

DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION

Date: May 4, 2010          By: /s/ Leigh S. Willey, Esquire____
    Paul C. Remus, Esquire (No. 2131)
    Steven E. Grill, Esquire (No. 7896)
    Leigh S. Willey, Esquire (No. 16193)
    111 Amherst Street
    Manchester, NH 03101
    (603) 669-1000
    PRemus@DevineMillimet.com
    SGrill@DevineMillimet.com
    LWilley@DevineMillimet.com

J:\WDOX\DOCS\CLIENTS\020771\090278\M1602620.DOC